**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMER E. HAWKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY SANDOR, et al., ) <br> ) <br> Defendants. ) <br> ) | NO. EDCV 09-1862 JHN (SS) <br><br> **MEMORANDUM AND ORDER DISMISSING** <br><br> **SECOND AMENDED COMPLAINT WITH LEAVE** <br><br> **TO AMEND** |

On April 14, 2010, Plaintiff, a state prisoner proceeding pro se, filed a Second Amended Complaint ("Second Amended Complaint" or "SAC") pursuant to 42 U.S.C. § 1983 against various state employees. For the reasons stated below, the Second Amended Complaint is dismissed with leave to amend.

//
//
//
//
//

**ALLEGATIONS OF THE COMPLAINT**

The Second Amended Complaint names as defendants Gary Sandor, identified as Acting Warden of Ironwood State Prison;[1] N. Grannis, "Chief Staff-Inmate Appeals Branch;" Ronald W. Thomas, M.D., "Chief of Staff/Physician & Surgeon;" Nickolas Lind, M.D., "Chief of Staff/Physician & Surgeon;" and L. Bonnet, A.G.P.A., "Health Care Appeal Coordinator." (SAC at 3-4). All are sued in their individual and capacities. (Id.). In addition, although Plaintiff does not list him on the standard civil rights complaint form as a Defendant (see id. at 3-4), Plaintiff appears to attempt to state a claim against a "Mr. J. Gonzales" (see id. at 5A).[2]

According to the Second Amended Complaint, Defendant Sandor has "functional responsibility for the implementation of procedure" at the prison. (SAC at 5). He "[knew] or reasonably should [have] known" about the unsanitary conditions at the prison, including rodents in the kitchen and feces and urine on the meal trays and about Plaintiff's allegedly constitutionally infirm medical care. (See id. at 5-5A). Plaintiff states that Defendant Sandor was "negligent" regarding these safety hazards. (Id. at 5). Plaintiff alleges Defendants Thomas and Lind provided Plaintiff inadequate medical care by prescribing medication that harms him. (Id. at 5C-5D). Defendants Grannis, Gonzales, and Bonnet are

---

[1] It appears that Defendant Sandor is the former Acting Warden of Ironwood State Prison.

[2] Between pages 5 and 6 of the standard civil rights complaint form, Plaintiff attaches pages numbered "5 of A" through "5 of D." The Court will refer to these pages as 5A through 5D.

2

sued for violating Plaintiff's due process rights by "mishandling" Plaintiff's administrative appeals. (Id. at 5B). Specifically, Plaintiff accuses Defendants Grannis, Gonzales, and Bonnet of "screening out" Plaintiff's administrative appeals. (Id. at 5A). Plaintiff sues for damages. (Id. at 6).

## DISCUSSION

**The Second Amended Complaint Must Be Dismissed With Leave To Amend**

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that

the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted).

The Court must dismiss the Second Amended Complaint due to multiple defects in pleading. However, the Court grants Plaintiff leave to amend.[3]

### 1. Plaintiff Fails To State A Claim For Deliberate Indifference To Serious Medical Needs Against Defendant Sandor

Under the Eighth Amendment, conditions of confinement constitute cruel and unusual punishment if a person is "deprived of the minimum civilized measure of life's necessities" and a state actor "acted with deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Similarly, deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). The prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a "sufficiently culpable state of mind" in denying the proper medical care. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal quotations omitted). Also, in order for deliberate indifference to be established, there must be a purposeful act

---

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

4

or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060.

There is both an objective and subjective component to an actionable Eighth Amendment claim. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires the inmate to show an "objectively, sufficiently serious harm," meaning that the failure or delay in treatment could result in significant injury. Id. (citation and internal quotations omitted). The subjective component requires the inmate to show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Id. (citing Frost, 152 F.3d at 1128 (9th Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "'Deliberate indifference' is evidenced only when `the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Clement, 298 F.3d at 904 (quoting Farmer, 511 U.S. at 837).

Here, assuming Plaintiff has described sufficiently serious harm in the prison conditions and in his medical treatment, Plaintiff has not alleged that Defendant Sandor had the necessary culpable state of mind. Indeed, he asserts that Defendant Sandor was "negligent" regarding the conditions of the satellite kitchen and Plaintiff's medical and dental care. (SAC at 5). Deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer, 511 U.S. at 835); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross

5

negligence," in the provision of medical care does not establish a constitutional violation). These allegations do not satisfy the elements of a deliberate indifference claim. As such, Plaintiff's claims against Defendant Sandor are dismissed. However, leave to amend is granted.

### 2. Plaintiff Fails To State A Claim Against Defendants Grannis, Gonzales, and Bonnet

Plaintiff alleges that his due process rights were violated when Defendants Grannis, Gonzalez, and Bonnet "mishandled [his] appeals," in part by screening out his administrative appeals. (FAC at 5A-5B).

The Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." (citations omitted)).

Because Plaintiff had no due process right to have Defendants Grannis, Gonzales, and Bonnet follow a particular procedure or reach a specific decision, Plaintiff's allegations against them fail to state a claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Second Amended Complaint is DISMISSED with leave to amend.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Third Amended Complaint, curing the defects in the Second Amended Complaint described above. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. The caption of the Third Amended Complaint must identify all parties that Plaintiff is suing. Each page of the Third Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached. Plaintiff should make clear

7

1  which defendant committed a particular act of misconduct.  Individuals
2  who have not engaged in any alleged misconduct should not be named as
3  defendants.  It is not necessary for Plaintiff to cite case law or
4  include legal argument.  Moreover, irrelevant exhibits or other
5  extraneous documents are not necessary for Plaintiff to include with his
6  complaint.

8      Plaintiff is explicitly cautioned that failure to timely file a
9  Third Amended Complaint, or failure to correct the deficiencies described
10 above, will result in a recommendation that this action be dismissed for
11 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
12 Plaintiff is further advised that, if he does not wish to pursue this
13 action, he may voluntarily dismiss it by filing a notice of dismissal in
14 accordance with Federal Rule of Civil Procedure 41(a)(1).  A sample
15 notice is attached to this order as well.

17 DATED: May 26, 2010                                        **/S/**

                                             SUZANNE H. SEGAL
                                       UNITED STATES MAGISTRATE JUDGE