**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMER E. HAWKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY SANDOR, et al., ) <br> ) <br> Defendants. ) <br> ) | NO. EDCV 09-1862 JHN (SS) <br><br> **MEMORANDUM AND ORDER DISMISSING** <br><br> **THIRD AMENDED COMPLAINT WITH LEAVE** <br><br> **TO AMEND** |

On June 11, 2010, Plaintiff, a state prisoner proceeding pro se, filed a Third Amended Complaint ("Third Amended Complaint" or "TAC") pursuant to 42 U.S.C. § 1983 against various state employees. For the reasons stated below, the Third Amended Complaint is dismissed with leave to amend.

//
//
//
//
//

**ALLEGATIONS OF THE COMPLAINT**

The Third Amended Complaint names as defendants Gary Sandor, identified as Acting Warden of Ironwood State Prison;[1] N. Grannis, "Chief Staff-Inmate Appeals Branch"; Ronald W. Thomas, M.D., "Chief of Staff/Physician & Surgeon"; Nickolas Lind, M.D., "Chief of Sta[ff]/Physician & Surgeon"; and L. Bonnet, A.G.P.A., "Health Care Appeal Coordinator." (TAC at 3-4). Defendants Sandor, Grannis, and Bonnet are sued in their individual capacities only. (Id.). Defendants Thomas and Lind are sued in their individual and official capacities. (Id.).

According to the Third Amended Complaint, Defendant Sandor has "functional responsibility for the implementation of procedure" at the prison. (TAC at 5). He "[knew] or reasonably should [have] known" about the unsanitary conditions at the prison, including rodents in the kitchen and feces and urine on the meal trays and about Plaintiff's allegedly constitutionally infirm medical care. (See id. at 5-5A).[2] Defendants Grannis and Bonnet are sued for violating Plaintiff's constitutional rights by failing to properly review administrative appeals. (Id. at 5A-5B). Specifically, Plaintiff accuses Defendants Grannis and Bonnet of "screening out" Plaintiff's administrative appeals. (Id. at 5B). Plaintiff alleges Defendants Thomas and Lind provided Plaintiff

---

[1] It appears that Defendant Sandor is the former Acting Warden of Ironwood State Prison.

[2] Between pages 5 and 6 of the standard civil rights complaint form, Plaintiff attaches pages numbered "5 of 6-A" through "5 of 6-E." The Court will refer to these pages as 5A through 5E.

inadequate medical care by prescribing medication that harms him.  (Id. at 5C-5D).  Plaintiff sues for damages and injunctive relief. (Id. at 6).

## DISCUSSION

**The Third Amended Complaint Must Be Dismissed With Leave To Amend**

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992).  A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted).

3

The Court must dismiss the Second Amended Complaint due to defects in pleading.  However, the Court grants Plaintiff leave to amend.[3]

Plaintiff has once again failed to state a claim against Defendants Grannis and Bonnet.  Plaintiff alleges that his due process rights were violated when Defendants Grannis and Bonnet screened out his administrative appeals. (FAC at 5A-5B).  The Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one.  Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." (citations omitted)).  These authorities demonstrate that Plaintiff cannot sue Grannis and Bonnet for decisions they made while reviewing or processing his internal grievances.

---

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

4

Because Plaintiff had no due process right to have Defendants Grannis and Bonnet follow a particular procedure or reach a specific decision, Plaintiff's allegations against them fail to state a claim.

The Court notes that Plaintiff presented a substantially similar claim in both the First Amended Complaint and the Second Amended Complaint. In both of these prior complaints, the Court dismissed the claim regarding the prison grievance procedure because it failed to state a claim. **Plaintiff is advised to consider carefully the Court's three rulings on this defective claim if he chooses to file a Fourth Amended Complaint.** Plaintiff should resist naming individuals as defendants if there is no cognizable civil rights claim that can be stated against particular defendants. Failure to correct the identified deficiencies will likely result in a recommendation that an order be entered dismissing the defective claims with prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Third Amended Complaint is DISMISSED with leave to amend.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Fourth Amended Complaint, curing the defects in the Third Amended Complaint described above. The Fourth Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Fourth Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. The caption of the

Fourth Amended Complaint must identify all parties that Plaintiff is suing. Each page of the Fourth Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which defendant committed a particular act of misconduct. **Individuals who have not engaged in any alleged misconduct or civil rights violations should not be named as defendants**. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint.

Plaintiff is explicitly cautioned that failure to timely file a Fourth Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil

\\
\\
\\
\\
\\
\\

6

Procedure 41(b).  Plaintiff is further advised that, if he does not wish to pursue this action, **he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.**

DATED: June 23, 2010

                                                   **/S/**
                                         SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE