**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HOMER E. HAWKINS,

Plaintiff,

v.

GARY SANDOR, et al.,

Defendants.

NO. EDCV 09-1862 JHN (SS)

**MEMORANDUM AND ORDER DISMISSING FOURTH AMENDED COMPLAINT WITH LEAVE TO AMEND**

On July 13, 2010, Plaintiff, a state prisoner proceeding pro se, filed a Fourth Amended Complaint ("Fourth Amended Complaint" or "FAC") pursuant to 42 U.S.C. § 1983 against various state employees. For the reasons stated below, the Fourth Amended Complaint is dismissed with leave to amend.

//

//

//

//

//

**ALLEGATIONS OF THE COMPLAINT**

The Fourth Amended Complaint names as defendants Gary Sandor, identified as Acting Warden of Ironwood State Prison;[1] Ronald W. Thomas, M.D., "Chief of Staff/Physician & Surgeon"; Nickolas Lind, M.D., "Chief of Staff/Physician & Surgeon." (FAC at 3). Defendants are sued in their individual capacities only. (Id.).

Plaintiff alleges that Defendant Sandor is liable under Section 1983 for his "failure to continue immediate safety of satellite kitchen of rodent feces & urine in our trays, lunches: plus medical and dental safety." (FAC at 3). He further alleges that "this warden was in violation by not investigating the reason why modification or accommodation that [sic] was requested." (FAC at 5). Plaintiff asserts that Defendant Sandor "has the overall functional responsibility for the implementation of the procedure," although Plaintiff does not clarify what procedure he is referring to. (Id.). Plaintiff claims that at Ironwood State Prison, the "living conditions are still poorly [sic], because there are still (Rodent's) in the kitchen and that the "FECES & URINE" are still being seen in the Trays and lunches as of May 2010 . . . The Warden is concert of (NOT) improvement of the cleanliness and safety of the inmate's (FOOD) & (WATER) sources." (FAC at 5).

Plaintiff further alleges that he has suffered "reprisals" due to the current lawsuit. Apparently, Plaintiff requested a transfer to a

[1] It appears that Defendant Sandor is the former Acting Warden of Ironwood State Prison.

"medical institution" and asserts that the denial of this transfer request was retaliation. (FAC at 6[2]).

Plaintiff asserts that Mr. Sandor is named as a defendant because of the denial of the transfer request and "only the Warden or Chief Deputy Warden" could investigate under Category-1 and Category 2 of (CDC Form 1824 & Iname Appeal 602, and CDC. Form 1858). (Id.). Plaintiff fails to explain how the Warden's "investigative" role relates to the transfer issue. Plaintiff also alleges that he was forced to go to "outside hospitals" because he was given the "wrong kind of medication" and that the medicine made him "bleed within side my body." (Id.). Plaintiff has lengthy and rambling allegations pertaining to the medical care received at Ironwood. (FAC at 6-8). Plaintiff seeks monetary damages of ten million dollars and injunctive relief to be "free from cruel and unusual punishment." (FAC at 10).

**DISCUSSION**

**The Fourth Amended Complaint Must Be Dismissed With Leave To Amend**

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous

---

[2] Plaintiff misnumbered his complaint. The Court refers to the page numbers that would appear on the pages of the complaint had it been consecutively numbered.

or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted).

The Court must dismiss the Fourth Amended Complaint due to defects in pleading. However, the Court grants Plaintiff leave to amend.[3]

**Plaintiff Fails To State A Claim Against Warden Sandor**

Plaintiff has failed to state a claim against Warden Sandor. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

(2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 U.S. at 1948.

A warden may not be held liable for conditions at an institution simply because he supervised others at the institution. Instead, the warden may only be held personally liable if he "play[ed] an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). In order to be held liable, a supervising officer has to personally take some action against the Plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted). Thus, as to each defendant Plaintiff wishes to hold responsible, he must allege specific facts showing what that person did or did not do, when and where, and how each defendant's action or inaction caused a violation of Plaintiff's civil rights.

The complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotations and citations omitted). Even liberally construed, Plaintiff's Fourth Amended Complaint fails to meet this standard for a claim against Warden Sandor. Plaintiff's allegations are confusing and nonsensical. The allegations fail to show how the Warden, through his personal conduct, has violated the Constitution.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Fourth Amended Complaint is DISMISSED with leave to amend.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Fifth Amended Complaint, curing the defects in the Fourth Amended Complaint described above. The Fifth Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Fifth Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. The caption of the Fifth Amended Complaint must identify all parties that Plaintiff is suing. Each page of the Fifth Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which defendant committed a particular act of misconduct. **Individuals who have not engaged in any alleged misconduct or civil rights violations should not be named as defendants. In particular, Plaintiff is advised that he should not name the Warden as a defendant unless he can satisfy**

**the standards described above for pleading a civil rights claim against an individual defendant.**

It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint.

Plaintiff is explicitly cautioned that failure to timely file a Fifth Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that, if he does not wish to pursue this action, **he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.**

DATED: July 30, 2010

**/S/**
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE