# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>RONALD W. THOMAS, M.D., et al.,<br><br>　　　　　Defendants. | NO. EDCV 09-1862 JST (SS)<br><br>**ORDER ACCEPTING AND MODIFYING**<br>**FINDINGS, CONCLUSIONS AND**<br>**RECOMMENDATIONS OF UNITED STATES**<br>**MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Seventh Amended Complaint in the above-captioned matter, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. Accordingly, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, as modified below.

In accepting the Report and Recommendation, the Court notes that Plaintiff has had seven opportunities to amend his complaint and state his claims. In particular, Plaintiff has been specifically and

1 repeatedly advised by the Magistrate Judge that he cannot bring a claim
2 of deliberate indifference to medical needs against individuals purely
3 in their supervisory role. (See, e.g., Dkt. No. 4 at 9; Dkt. No. 16 at
4 4-5; Dkt. No. 22 at 4-5; Dkt. No. 25 at 6-8). Rather than address these
5 pleading deficiencies, Plaintiff merely reasserted the same claims with
6 new and different defendants. Plaintiff included these allegations even
7 though he was aware that he could not state deliberate indifference
8 claims against top-level CDCR officials Winslow, Felker and Girubino,
9 named for the first time in the Seventh Amended Complaint, because none
10 of these individuals played any role whatsoever in his medical care nor
11 is there any demonstration that they had any knowledge of his medical
12 care. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)
13 (supervisor must have knowledge of and acquiesce in unconstitutional
14 conduct to be liable for deliberate indifference). Plaintiff had more
15 than ample notice that such claims are defective.

17     Furthermore, 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A,
18 require the Court to "screen" complaints in which a prisoner seeks
19 redress from a governmental employee and to dismiss a complaint, or any
20 portion of the complaint, if the complaint fails to state a claim or
21 seeks monetary relief from a defendant who is immune. In Lopez v.
22 Smith, 203 F.3d 1122 (9th Cir. 2000), the Ninth Circuit reviewed these
23 provisions and concluded that under the Prison Litigation Reform Act
24 ("PLRA"), a court may exercise its discretion in deciding whether to
25 dismiss a complaint with or without leave to amend for failure to state
26 a claim. Id. at 1124. While the Lopez decision reaffirmed that the
27 PLRA does not preclude courts from granting leave to amend, which this
28 Court has repeatedly done in allowing Plaintiff to amend his claims

seven times, the decision also confirms that courts may dismiss meritless claims without leave to amend. Id. at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

It is appropriate to dismiss a claim without leave to amend when (1) the plaintiff has already had opportunities to amend his complaint and (2) further amendment would be futile. See Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of request for leave to amend appropriate where further amendment would be futile); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies but plaintiff failed to correct those deficiencies in amended pleading). Here, the dismissed claims could not be cured by any amendment. Accordingly, dismissal of these claims without leave to amend is appropriate.

Accordingly, IT IS ORDERED THAT:

1.  Plaintiff's claims against Defendant Lind are DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.  Plaintiff's claims against Defendant Thomas are DISMISSED WITH PREJUDICE for failure to name Thomas's personal representative or successor-in-interest pursuant to Federal Rule of Civil Procedure 25(a)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

     3.    Plaintiff's claims against Defendants Winslow and Giurbino are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

     4.    Plaintiff's claims against Defendant Felker under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This action may proceed against Defendant Felker in his official capacity only on Plaintiff's Americans with Disabilities Act claim in Claim Three of the Seventh Amended Complaint concerning the lack of a handicapped-accessible shower.

The Clerk shall serve copies of this Order by United States mail on Plaintiff and on counsel for Defendants.

DATED: May 29, 2012

                                    JOSEPHINE STATON TUCKER
                                  UNITED STATES DISTRICT JUDGE